Judge Napton
delivered the opinion of the court.
The only question in this case is as to the sufficiency of a certificate of acknowledgment by the clerk of the circuit court of Marion county made in 1834, to the execution of a deed, by George McDaniel and his wife, conveying certain lands belonging to the wifei After the death of McDaniel, his wife brought ejectment to recover the land, and her right to a recovery depended upon the validity of this certificate, which was as follows : “Be it remembered, that on this, 17th day of February, 1834, it being the first day of the February term of said court, appeared in open court, George McDaniel and Charlotte, his wife, both of whom are well known to the court to be the persons whose names are subscribed to the within deed, as having executed the same and severally acknowledged the same to be their act and deed for the purposes therein mentioned , the said Charlotte, being first made acquainted with the *546 contents thereof, and by the court examined separate and apart from her husband, whether she executed the said deed and relinquishes her dower to the lands and tenements therein mentioned, voluntarily, freely, and without compulsion, or the undue influence of her husband, acknowledged and declared that she executed the said deed, and relinquishes the dower in the lands and tenements therein mentioned, voluntarily, freely, and without compulsion, or the undue influence of her said husband, and does not wish to retract it. In testimony whereof, &c.”
We have never been disposed to exact a literal conformity to the statute in the certificates required by law to the acknowledgment of deeds. The current of decisions, both in this court and in other courts, is decidedly against any nice or technical construction of the language employed by the various officers to whom this authority is by law entrusted»
A rigid interpretation of the statutes prescribing the forms in such cases, would tend to gross injustice, and tend to overthrow many titles honestly acquired. All that is considered requisite is, that the law be substantially complied with. The certificate must show that the contents or character of the deed was explained to the wife by the officer authorised to take acknowledgment; that she was subjected to a privy examination, and that she, upon this privy examination, acknowledged its execution to have been a voluntary act, and without any undue influence of her husband. The acknowledgment certified to in this case, contains every thing required by the statute, but is accompanied with a relinquishment of dower. It states that the wife was not only examined as to whether she executed the deed, but whether she relinquished her dower in the land, and that she acknowledged that she did execute the deed freely, Stc., and did relinquish her dower in the land therein described, &c. If the relinquishment of dower were stricken out of this acknowledgment, it would be in exact conformity to the provisions of the act which directs the mode of passing the wife’s estate. Can we regard this portion of the certificate as surplusage ? If we can, it should not vitiate the certificate.
If the superfluous words used in the certificate had no tendency either to limit or extend, or control in any manner the language immediately preceding it, there would be no objection to regarding it as mere surplus-age, But it is obvious that the additional clause might well be construed as a limitation upon the effect of the preceding acts, and that the wife had in executing the deed merely relinquished her dower, and had not parted with her estate of inheritance. This will be rendered more ob *547 vious by comparing the certificate with the one required by law in a case of mere relinquishment of dower, and it will be seen that the clerk followed literally the form of a relinquishment of dower. To hold this acknowledgment then to be sufficient to pass a fee simple title of the wife, will be, in effect, to hold that a relinquishment of dower as required, and in the form required by statute, will answer either' to pass dower, if the wife has no more interest, or to pass her fee simple when she is the owner of the estate designed to be conveyed. This would be giving a latitude of construction not warranted by the statute, and dangerous to the rights intended to be protected.
The fair inference from the certificate in this case is, that the wife supposed or was advised that she had but a right of dower in the land, and that the deed she had executed was intended to deprive her of that interest alone. We cannot assume that the wife was aware .of the extent of her interest. Deeds are frequently drawn up in the same terms where the estate of the wife is conveyed, or where the wife is but relinquishing her right of dower. To permit precisely the same form of certificate to cover both eases, would not only he a departure from the words of the statute, but might open the door to gross fraud upon married women.
Judgment reversed and cause remanded.